UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

Kalamata CapitalGroup_____,

_____,

Debtor(s).
Michelle D. Lee

_____,

Plaintiff(s),

v.

Kalamata Kapital group
Ariel Bouskila
Berkovitch & Bouskila
1545 Route 202 Suite 101
Pomona, NY 10970
2127291477
ari@bblawpllc.com

_____,

Defendant(s).

Bankruptcy Case No. 24-16918_____,

Chapter __7_,

Adversary Proceeding No. ___ 25-01238_____,

FILED
CLERK OF COURT
SEP 1 5 2025
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

## AMMENDENDED ADVERSARY PROCEEDING COMPLIANT

ADVERSARY PROCEEDING COMPLIANT Kalamata Kapital Pursuant to 28 U.S.C. § 2409a

(Quiet Title Act) COMES NOW, the Debtor,

- Michelle lee and hereby files this adversary proceeding to disallow the claim filed by Pursuant to 11 U.S.C. § 502(a), a claim against the debtor must be supported by sufficient evidence that establishes the validity, amount, and enforceability of the debt.

- Additionally, Federal Rule of Bankruptcy Procedure 3001 requires claimants to substantiate their claims with appropriate documentation. Since the claimant has failed to provide adequate evidence or legal support to establish their claim, the claim must be disallowed." Failure to meet evidentiary and proof requirements under federal bankruptcy law. The Debtor, in the spirit of good faith and in accordance with applicable law, voluntarily added the claimants, , to this

bankruptcy proceeding. Through diligent and cooperative legal discovery, the Debtor has determined that no obligation or debt is owed to the claimants, and as such, the claimants' claims and liens are unsupported and invalid.
" "Pursuant to the principles of the Quiet Title Act, 28 U.S.C. § 2409a, and the bankruptcy Debtor states for the record that no obligation or debt is owed to the claimant.

The Debtor asserts that the claimant has failed to meet the evidentiary and proof requirements under 11 U.S.C. § 502(a) and Federal Rule of Bankruptcy Procedure 3001, and therefore, the claim should be disallowed.

The Debtor maintains that they do not owe any money to the claimant, and the claim is unsupported and without merit." "Pursuant to the principles of the Quiet Title Act, 28 U.S.C. § 2409a, and the bankruptcy statutes, the Debtor respectfully requests that the Court declare the claimants' liens and claims invalid and remove and extinguish such encumbrances from the property in question Debtor herein asserts that I am not in default of any obligation or debt to the claimant,

I don't owe them any money and that the claimant has failed to demonstrate any enforceable amount owed under applicable law. Under 11 U.S.C. § 105(a) and 11 U.S.C. § 502, the Court must disallow claims that are unsupported by evidence of debt and enforceable obligation.

Furthermore, the claims and liens should be fully removed and extinguished from the bankruptcy estate because they are unsupported, and invalid improperly recorded, in accordance with 11 U.S.C. § 522(f), which allows for the avoidance of liens that impair exemptions or are unsupported by lawful recordation.

1. Lack of Proof of Indebtedness: Federal Law Referencing Constitutional Irreducible Minimums:

1. Due Process Clause—5th Amendment: o 5 U.S.C. § 551(13): Defines "due process of law" and affirms that procedural protections are required before depriving a person of rights or property in federal administrative and judicial proceedings.

2. Application in Federal Courts (Including Bankruptcy): o 11 U.S.C. § 105(a): This section grants bankruptcy courts broad equitable powers "consistent with law" to issue necessary and appropriate orders to prevent abuse and preserve rights under the bankruptcy process, ensuring constitutional due process protections are upheld.

3. Supremacy of the Constitution: o 28 U.S.C. §§ 1651, 2072: These statutes (the All Writs Act and Rules Enabling Act) give courts the authority to issue necessary orders and rules to ensure constitutionally protected rights are preserved during federal proceedings.

4. Standard of Judicial Due Process: o 42 U.S.C. § 1983: Provides remedies for violations of constitutional rights by federal or state actors, reaffirming that constitutional protections are enforceable as federal law Under 11 U.S.C. § 502(a), a claim against

2

the debtor must be supported by evidence that establishes the validity, amount, and enforceability of the debt. The claimant bears the burden of proof, and a claim cannot be allowed unless sufficient proof is provided. The creditor has failed to demonstrate and substantiate the existence of a valid, enforceable debt, despite multiple opportunities. o

2. Failure to Respond or Object: No objection or Response to address court motion Docket number #230 Pursuant to Federal Rule of Bankruptcy Procedure 3001, a proof of claim must be supported by documentation such as a contract, account statement, or relevant evidence demonstrating the debt. The debtor specifically requested that the creditor submit such evidence and proof of indebtedness. The creditor's repeated failure to respond, object, or submit supporting evidence constitutes a failure to meet the proof requirements and compliance with the bankruptcy rules.

3. Failure to Comply with Proof and Evidentiary Standards: Docket 230 The claimant has failed to meet the requirements set forth under the Federal Rules of Evidence and Federal Rule of Civil Procedure 901(a), Standard of Authentication. The submitted documents are unrecorded, unauthenticated, and lack proper proof of validity, making them inadmissible and insufficient to establish any enforceable claim or lien. In accordance with 11 U.S.C. § 502(b), claims that are not properly supported and are unsupported by evidence are disallowed.

The burden of establishing a claim's validity rests on the creditor, and their inaction demonstrates a lack of compliance with statutory and procedural requirements, warranting disallowance of the claim.

4. Right to Remove Encumbrances and Liens: Pursuant to 28 U.S.C. § 2409a (Quiet Title Act), the debtor seeks to have any existing liens or encumbrances declared invalid and removed due to the unsupported and unsubstantiated claim filed against the property. Removal and avoidance of unsupported or invalid liens under the bankruptcy code directly result in a reduction of the total debt owed by the debtor to creditors. Pursuant to 11 U.S.C. § 522(f), a debtor can avoid non-possessory, non-purchase-money judgment liens that impair exemption rights, effectively extinguishing these claims." "

Furthermore, under 11 U.S.C. § 506(d), liens that are avoided or stripped are no longer enforceable, and thus, the debtor's estate is protected from claims that would inflate the total liabilities. This facilitates a more equitable distribution of the debtor's estate and maximizes the benefit to creditors.

" WHEREFORE, the debtor respectfully requests the Court to:

● Disallow the claim for failure to meet the burden of proof under 11 U.S.C. § 502(a) and Federal Rule of Bankruptcy Procedure 3001;

● The debtor respectfully requests that this Court disallow the total claim filed due to failure to meet the statutory and procedural requirements of proof of claim, lack of

authentication, and invalid or unsupported documentation, and for such other relief as the Court deems just and proper

- Declare any liens or encumbrances based on the unsupported claim null and void under the Quiet Title Act;

- Remove and extinguish any liens or claims against the property; Remove and extinguish the mortgage and lien recorded against the property

- Grant such other relief as the Court deems just and proper. Respectfully submitted,

Date: 9/15/25

Filed By: _____
*Signature of Movant/Debtor*

Printed Name:
Mailing Address: 16480 Fairway Dr
Commerce city 80022
Telephone number: 3465549725
Email: leedreamgoddes@gmail.com

4

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Michelle D. Liao | **DEFENDANTS** Kalamata Capital Group |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Pro Se Michelle D. Liao 16480 Fairway dr Commerce City 80022 | **ATTORNEYS** (If Known) Ariel Bouskila 1545 Rt. 202 Pomona NY 10970 air@bblawpllc.com |
| **PARTY** (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

28 USC 2409a
FRP 3001 3 USC.551 (B) 11 USC 105

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 315,686.00 |
| **Other Relief Sought** Removal of all liens on all Properties | |