**IN THE UNITED STATES BANKRUPTCY COURT**

**IN RE:Michelle D.Lee**

**16480 Fairway Dr.**

**Commerce City Colorado 80022**
**leedreamgoddess@gmail.com**

FILED
CLERK OF COURT

NOV 1 2 2025

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**BK : 24-16918-KHT** ✓

**VS**

(6) Attachments

**Adversary case 25-01238. Complaint by Michelle D. Lee against Kalamata Kapital Group: Loan**

**Robert Gregory Busch**
**P.O. Box 3931**
**Greenwood Village, CO 80111**
**720-515-4618**
**Fax : 303-872-9019**
**Email: rob@rgbusch.com**
**Ariel Bouskila**
**Berkovitch & Bouskila**
**1545 Route 202, Suite 101**
**Pomona, NY 10970**
**212-729-1477**

**MOTION TO CHALLENGE JURISDICTION, LACK OF STANDING, Debt AND ADMISSIBILITY OF EVIDENCE, 42 U.S.C. § 1981 violation**

**Lack of Jurisdiction Based on Evidence Unsupported by Proper Authentication**

**MOTION TO DISALLOW**

**SET DEADLINE FOR RESPONSE**

**COMES NOW, Michelle Lee and respectfully files this Motion to Challenge the Court's Jurisdiction, the Standing of the Creditor, and the Admissibility of Evidence submitted to the courts The creditor used the argument motion to relief of stay as the argument to dismiss. The order was given with out jurisdiction and subject matter which renders them void and in support thereof states:**
**Introduction**

Evidence: Docket : 84,121

This motion is supported by violations of several federal laws and procedural rules that underpin the integrity of judicial proceedings, including but not limited to:

1. Lack of Subject Matter Jurisdiction under 28 U.S.C. §§ 157 and 1334, as the Court has exceeded its statutory authority by issuing orders beyond its constitutional and statutory scope.
2. Violation of Federal Rule of Evidence 901 by reliance on evidence that is improperly authenticated, unsigned, redacted, and lacking supporting affidavits or certification, rendering such evidence inadmissible.
3. Violation of 42 U.S.C. § 1981 by engaging in or facilitating conduct that potentially discriminates against the Debtor in her contractual rights, including failure to verify or produce authentic documentation for debt enforcement.
4. Failure to Comply with Federal Rules of Civil Procedure 26, 30, and 60(b) concerning discovery, evidentiary hearings, and vacating void orders, given the Court's reliance on unauthenticated and unsupported evidence.
5. Violation of Constitutional Due Process Rights under the Fifth and Fourteenth Amendments, by attempting to enforce a lien or unsupported order that deprives the Debtor of her property rights without proper jurisdiction or notice.
6. Infringement of the principles established under 28 U.S.C. § 2201 (Declaratory Judgment Act), as the Court's actions lack lawful jurisdiction, undermining the debtor's rights to a fair hearing.

Given this ongoing deficiency, the plaintiff has no choice but to challenge the court's jurisdiction and standing because they have failed to produce credible, authenticated evidence supporting their claims. Proceeding without such proof would violate fundamental legal principles and the requirements of due process.

Therefore, the plaintiff respectfully requests that the court

(1) recognize the lack of proper documentation,

(2) hear the challenge to standing, and

(3) Disallow the claim due to lack of standing and insufficient evidence.

Legal Argument: Lack of Subject Matter Jurisdiction, Standing, and Unauthorized Decision Due to Insufficient Evidence

1. Lack of Subject Matter Jurisdiction

The court must establish its subject matter jurisdiction before rendering any judgment. Subject matter jurisdiction refers to the court's authority to hear and

decide a particular type of case, as mandated by statute or the Constitution. Without jurisdiction, any order or judgment is void ab initio (null from the outset).

**Legal Citation:**
"Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or federal statutes." *Cohens v. Virginia*, 19 U.S. 264 (1821); 28 U.S.C. § 1331 (federal question jurisdiction). A court lacking jurisdiction cannot render a binding decision.

**Application:**
In this case, the court entered a ruling without any evidence or documentation from the opposing party to establish the existence or enforceability of the debt or claim. Since jurisdiction depends on the court's ability to consider evidence and lawful authority, and since the opposing party failed to submit any documents, the court's jurisdiction to decide on the debt or claim is fundamentally absent.

### 2. Lack of Standing

Standing requires a party to demonstrate a concrete and particularized injury that is actual or imminent and directly caused by the defendant's conduct, which can be remedied by the court.

**Legal Citation:**
"[A] party invoking federal jurisdiction bears the burden of establishing standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The injury must be actual and concrete, not hypothetical.

**Application:**
Without submitted evidence from the creditor—such as proof of debt, ownership, or enforceability—the court has no basis to determine that the plaintiff has suffered an injury or holds a legal interest in the debt. The absence of documentation precludes a finding of standing, as the plaintiff cannot demonstrate a direct injury or a legally protectable interest.

### 3. Court's Unauthorized Decision due to Lack of Evidence

The court entered its decision without the submission or consideration of any admissible evidence from the opposing party to verify the existence or validity of the debt.

**Legal Citation:**
According to Federal Rule of Evidence 901(a): "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what it is claimed to be."

**Application:**
Since the opposing party failed to produce any documents or evidence, the court lacked the proper foundation to assess the validity, enforceability, of any debt. As established in *United States v. $28,000 in U.S. currency*, 810 F.2d 1503 (11th Cir. 1987), "[t]he burden is on the proponent to produce admissible evidence supporting the allegations." Absent such evidence, any ruling is arbitrary and unauthorized.

**4. Violations of Procedural and Evidentiary Standards**

Courts are obligated to adhere to procedural and evidentiary standards before issuing judgments. Making decisions without proper evidence—especially in debt collection or enforcement matters—violates due process rights under the Fifth and Fourteenth Amendments.

**Legal Citation:**
*Mathews v. Eldridge*, 424 U.S. 319 (1976); *Goldberg v. Kelly*, 397 U.S. 254 (1970). Moreover, *In re O'Brien*, 520 F.2d 530 (7th Cir. 1975) emphasizes that a court's jurisdiction and authority must be supported by proper record evidence.

**Application:**
The court's decision, made without evidence from the creditor, is unauthorized, arbitrary, and provides no factual basis for enforcement or validation of the alleged debt. Such action violates the court's duty to uphold the rule of law and procedural fairness.

## Summary:

- The court lacked subject matter jurisdiction to consider the claim, as no evidence from the opposing party established the existence or enforceability of the debt.
- The creditor lacked standing without evidence of an injury or legal interest.
- The court's decision was made without proper evidence, violating Federal Rules of Evidence and procedural standards, rendering the order unauthorized and arbitrary.
- Given this ongoing deficiency, the plaintiff has no choice but to challenge the court's jurisdiction and standing because they have failed to produce credible, authenticated evidence supporting their claims. Proceeding without such proof would violate fundamental legal principles and the requirements of due process.
- Therefore, the plaintiff respectfully requests that the court (1) recognize the lack of proper documentation, (2) hear the challenge to standing, and (3) Disallow the claim due to lack of standing and insufficient evidence.

# Legal Argument Under 42 U.S.C. § 1981

### 1. Overview of 42 U.S.C. § 1981

42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcing of contracts. It provides:

*"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, and give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."*

This statute was enacted as part of the Civil Rights Act of 1866 to eliminate racial barriers to entering into contractual relationships and to ensure equality under the law.
Federal courts have interpreted § 1981 broadly to include all contractual rights and obligations, including those related to property and debt enforcement.

---

### 2. Application to the Present Case

#### a. Discrimination and Pattern of Racial Bias

The plaintiff asserts that there has been a systemic pattern of misconduct, judicial abuse, and adverse rulings across all five properties, which suggests an intent or effect of racial discrimination. The repeated adverse decisions, despite different circumstances, indicate a possible racial bias affecting the enforcement of contractual and property rights.

#### b. Discriminatory Effect and Motivations

Under *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), a discrimination claim can be established through circumstantial evidence that suggests racial bias influenced the actions of defendants. The fact that the adverse rulings have been consistent across multiple cases could suggest an effect of racial bias aimed at depriving the plaintiff of her contractual rights.

#### c. Deprivation of Contractual Rights

The alleged actions—such as wrongful liens, violations of due process, and unsubstantiated claims—are all related to the plaintiff's rights to enforce and protect her property and contractual interests. The systemic pattern of misconduct which appears motivated by racial bias constitutes a violation of her civil rights under *42 U.S.C. § 1981*.

---

### 3. Legal Precedents Supporting Claim

- In *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375 (1982), the Supreme Court reaffirmed that § 1981 prohibits racial discrimination in all aspects of contractual relationships, including the enforcement and enjoyment of contractual rights.
- The *McDonnell Douglas* framework, adopted by federal courts, allows a plaintiff to establish a prima facie case of discrimination through circumstantial evidence, which is applicable here given the pattern of adverse rulings and conduct.

## 4. Conclusion

Based on the foregoing, the plaintiff contends that the systemic pattern of misconduct, combined with the consistent unfavorable rulings and the reliance on unverified evidence, reflects discriminatory motives or effects in violation of *42 U.S.C. § 1981*. These actions unlawfully interfere with her rights to enforce her property and contractual rights, warranting judicial scrutiny and possible relief under civil rights laws. Repeated Unfair Rulings

The judge has continuously rendered the same unfavorable and unfair rulings in each of my cases across all of my properties. Despite differences in circumstances or case specifics, the rulings remain consistently adverse, reflecting a pattern of systemic bias and injustice. This uniformity in decision-making suggests a failure to consider all relevant evidence impartially and raises concerns about the integrity and fairness of the judicial process in my matters.

Wherefore, the debtor requests this Court:
- To investigate potential violations of Section 1981 related to the conduct of the creditor and the courts
- To dismiss or disallow the claim based on violations of federal rights,
- To award any other relief deemed appropriate, including damages or sanctions if applicable.

**MOTION TO CHALLENGE DEBT AND REQUEST PRODUCTION OF SUPPORTING DOCUMENTS**

COMES NOW, the Defendant/Client, Michelle Lee  and hereby files this Motion to Challenge the Existence of the Debt Asserted Against Me and REQUESTS the Court to Order the Plaintiff and Opposing Party to Produce All Supporting Documentation and Evidence.

**I. Introduction**

The opposing party has claimed the existence of a debt owed by the defendant without providing any supporting documentation or evidence to substantiate the claim. The defendant requests this Court to scrutinize the claim and to require the opposing party to produce all documentation necessary to verify the debt's validity.

**II. Failure to Produce Supporting Documentation**

Pursuant to Federal Rule of Evidence 901, all evidence presented in support of such claims must be properly authenticated. The opposing party has failed to produce any documents, such as a promissory note, signed agreement, statement of account, ledger, or other admissible evidence, to substantiate their claim of debt.

**III. Right to Access Supporting Evidence**

The defendant has the right under due process and evidentiary standards to examine the documentation supporting the claim. Without such documentation, the claim remains unverified and legally insufficient to establish that a debt exists or that the defendant is liable.

**IV. Request for Production of Documents**

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

1. Order the Plaintiff and opposing party to produce all documents, records, and evidence supporting the claim of debt, including but not limited to:
   - The original signed contract, promissory note, or agreement;
   - Any statements, invoices, or ledger entries showing the amount owed;
   - Evidence of assignment or transfer of debt, if applicable;
   - Any other documentation relied upon to establish the validity and enforceability of the debt.
2. Declare that, in the absence of such supporting documentation, the claim of debt is unsubstantiated and should be dismissed or invalidated.
3. Grant such other relief as the Court deems just and proper.

## Statement of Ultra Vires Action by the Court

It is respectfully submitted that the order or action issued by this Court on 7/1/2025, regarding 16480 Fairway dr. Commerce City Co. 80022  is ultra vires—that is, beyond the Court's lawful jurisdiction and authority.

This action was based on evidence or claims that were not properly litigated, unresolved, and lacked lawful admissibility, rendering the Court's determination without proper legal foundation.

As a result, the Court has exceeded its statutory and constitutional powers, violating the principles that uphold the rule of law and judicial integrity.

Proceeding outside of lawful authority renders the order null and void, and it may be challenged on the grounds that the Court has acted ultra vires—beyond the scope of its lawful jurisdiction.

In the interest of justice, I respectfully request that the Court reassess its jurisdictional authority over this matter, and if it is found that the order was issued beyond this authority, it should be vacated and set aside.

## MOTION TO challenge and  VACATE ORDER DUE TO LACK OF JURISDICTION AND BASED ON UNAUTHENTICATED EVIDENCE

### 1. Lack of Subject Matter Jurisdiction

This Court lacked subject matter jurisdiction to issue the order regarding the liens against the all property owned By Michelle D, Lee  , Dream Realestate ,Residential care Services, because:

- The Court did not have jurisdiction over the core issues, including the ownership rights and lien claims related to the property
- . Jurisdiction is a prerequisite for the Court to validly consider and decide issues concerning property rights and enforceability of liens.
- The order to void the liens was issued without proper proof of debt or collateral. As demonstrated, no admissible or authenticated evidence was presented to establish the existence or validity of the debt or lien rights.
- Under *Colorado law*, jurisdiction is essential for the validity of judgments and orders concerning liens and property rights. The failure to establish proper jurisdiction renders any order void ab initio (from the outset).

Legal Authority:
- *Fed. R. Civ. P. 12(b)(1)* states that a court must have subject matter jurisdiction to proceed with a case or matter. An order issued without jurisdiction is invalid and subject to being vacated.

- ***Fed. R. Evid. 901*** **requires that evidence must be authenticated or identified as a condition precedent to admissibility. Without proper authentication or proof, evidence is inadmissible.**
- ***O'Neill v. O'Neill*****, 223 P.3d 933 (Colo. App. 2009), aff'd, 230 P.3d 273 (Colo. 2010), affirms that jurisdiction is a fundamental prerequisite; an absence of jurisdiction renders a judgment void.**

**2. Unauthenticated Evidence and Lack of Proper Proof**

**The Court relied on unauthenticated or unverified evidence submitted by the opposing party. Specifically, the judge relied heavily on the testimony of the trustee without proper authentication of the documents or proof of debt, ownership, or lien rights.**

**No admissible evidence was introduced to substantiate the claim of debt or the validity of any lien, nor was there proper verification or authentication of the documents or records presented. Under *Federal Rule of Evidence 901*, evidence must be properly authenticated or verified before it can be considered by the Court. As the evidence relied upon was not authenticated, it was inadmissible, and any judgment based upon such evidence is invalid.**

**The reliance solely on the trustee's testimony, without proper documentary proof or authentication, violates *Federal Rules of Evidence 902*, which require that certain types of evidence (such as official records or documents) must be self-authenticating or properly verified. Relying on unverified testimony and unauthenticated documents undermines the integrity of the court's decision and renders the order unauthorized, arbitrary, and without a proper factual basis.**

**WHEREFORE, I respectfully request this Court vacate and set aside the order related to the liens on all property Liens  Property owned by Michelle D. Lee  dream real estate Group ,Residential Care Services.  due to lack of jurisdiction and reliance on unauthenticated evidence, pursuant to *Fed. R. Civ. P. 12(b)(1)* and *Fed. R. Evid. 901*, and grant such other relief as the Court deems just and proper.**

# 3. Grounds for Vacating the Order

**Grounds for Vacating the Order**

Under **Federal Rule of Civil Procedure 60(b)**, this Court has the authority to vacate a judgment or order for several grounds, including:

1. **Lack of Subject Matter Jurisdiction** — under **28 U.S.C. §§ 1334** and **28 U.S.C. § 157**, federal courts, including bankruptcy courts, must have proper jurisdiction to

enter binding orders. Orders issued without jurisdiction are void and subject to being vacated under **FRCP 60(b)(4)**.

2. **Fraud, Misrepresentation, or Münchausen misconduct** — including reliance on fraudulent or unauthenticated documents, as provided under **FRCP 60(b)(3)**, which permits relief from a judgment or order obtained by fraud.

3. **Newly Discovered Evidence** — under **FRCP 60(b)(2)**, evidence that was not available previously and could significantly affect the outcome can serve as grounds for vacating a prior order proof of claim was never entered into the courts lack of subject matter jurisdiction.

4. **Fundamental Procedural Errors** — such as reliance on inadmissible or unauthenticated evidence, which violates **Federal Rules of Evidence (FRE) 901**, and procedural rules governing authentication and admissibility of evidence, warranting vacatur under **FRCP 60(b)(1)** as a basis for relief for "mistake, inadvertence, surprise, or excusable neglect."

Given that the order was issued without proper jurisdiction and was based on evidence that fails to meet the standards of authentic and admissible proof under **Federal Rule of Evidence 901**, it is appropriate and necessary to vacate the order pursuant to **FRCP 60(b)** and applicable federal statutes, as the order is fundamentally void and issued in excess of the Court's lawful authority.

**Under Colorado Rule of Civil Procedure 60(b) and inherent jurisdiction, this Court has authority to vacate orders for:**
- **Lack of jurisdiction,**
- **Fraud, or misconduct,redacted promissory note**
- **Newly discovered evidence, jurisdiction, and subject matter**
- **Fundamental procedural errors (such as reliance on inadmissible evidence)**
- **No documents of the loan were ever entered into the court as proof of claim.**

**Given the order was issued without proper jurisdiction and based on unauthenticated evidence, it is appropriate and necessary to vacate the order.**

## Irreparable Harm Due to Enforcement of Void or Unsupported Orders

**Enforcing or relying upon the order issued on which was based on a lack of jurisdiction, improper evidence, or is otherwise void, would result in irreparable harm to the Respondent and the estate. Such harm includes, but is not limited to:**
- **Allowing liens based on an order that lacks lawful authority, violating the debtor's constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution.**
  **See Mathews v. Eldridge, 424 U.S. 319 (1976): The Court emphasized that due process requires a meaningful opportunity to be heard at a meaningful time.**

- Undermining the fundamental principles of jurisdiction, standing, and the Court's authority to hear and decide disputes, which are necessary for the legitimate exercise of judicial power under 28 U.S.C. § 1334 (the statutory basis for jurisdiction in bankruptcy courts).
- Dispossessing the Respondent or parties with valid claims, without a final and lawful determination of rights, thereby violating the constitutional protections against wrongful deprivation of all  property owned by Michelle D. Lee  without due process of law (see U.S. Const. Amend. V & XIV).
- Prejudice to the Court's ability to properly adjudicate the underlying dispute, which would contravene the principles established under Federal Rule of Civil Procedure 60(b) to correct errors or to vacate void judgments.

**Legal Principles Supporting the Argument:**
- 28 U.S.C. § 1334: Bankruptcy courts do not have jurisdiction to enforce orders that are void for lack of subject-matter or personal jurisdiction.
- 28 U.S.C. § 2201: The Declaratory Judgment Act provides that federal courts may declare rights, but only within lawful jurisdiction.
- Federal Rule of Civil Procedure 60(b): Provides that a court may relieve a party from a judgment or order that is void due to lack of jurisdiction or due process violations.
- Enforcing a Void Order: constitutes a violation of the debtor's constitutional rights and the core procedural safeguards established by federal law, resulting in irreparable harm that cannot be remedied by monetary damages alone.

## MOTION TO DISALLOW  AND SET DEADLINE FOR RESPONSE

COMES NOW,  and respectfully moves this Court for an order disallowing any unsupported debt  by proper documentation and evidentiary support. In support thereof, the movant states:

1. **Request for Documentation:**
   The movant has repeatedly requested the opposing party to submit supporting documentation, including original contracts, loan agreements, or authenticated evidence supporting  debt owed to Kalamata Capital  .
2. **Deadline for Response:**
   The movant hereby sets a deadline of November 17, 2025 for the opposing party to produce the said documentation. All such documentation must be received by this date to prevent the debt  from being considered unsupported.
3. **Consequences of Non-Response:**
   If the opposing party fails to produce the requested documentation by November 17, 2025, the debt  shall be deemed unsupported and disallowed under applicable bankruptcy procedures and rules, including but not limited to

the requirement that creditors debt must be  be supported by admissible, authenticated evidence.

4. **Legal Basis:**
Pursuant to Federal Rule of Evidence 901, evidence must be properly authenticated to be admitted. Claims/debt  based on unsupported, unauthenticated evidence violate due process and procedural rules. Accordingly, unresolved unsupported claims/debt  should be disallowed to protect the integrity of the estate and the bankruptcy process.

# WHEREFORE,

for the reasons above, the Movant respectfully requests that this Court:

- Deny jurisdiction over claims that are unsupported by credible, authenticated documentation;
- Decline jurisdiction over claims lacking proper standing;
- Disallowance and Removal of Liens and Encumbrances Based on Unsupported Evidence"
- The court should disallow and remove any liens, encumbrances, or claims against the estate that are based on evidence failing to meet the requirements of Federal Rule of Evidence 901, which mandates proper authentication. Without proper authentication, such claims are inadmissible and cannot be validly asserted or enforced in this bankruptcy proceeding.
- Given the lack of credible, authenticated evidence supporting the validity of these claims, liens, and encumbrances, they should be disallowed and removed from the debtor's estate. Allowing unsupported claims to persist would violate the principles of due process and the integrity of the bankruptcy process, which requires claims to be properly supported by verified, admissible evidence.
- Therefore, the court should disallow and remove any liens and encumbrances founded on unauthenticated documentation, ensuring the estate is not improperly encumbered by unsupported or invalid claims.
- Set a deadline of November 17, 2025 for the opposing party to submit all requested documentation;
- Declare that any claims not supported by proper, authenticated evidence received by that date shall be disallowed and removed from the estate;
- 

**Conclusion and Relief Sought:**

The debtor respectfully asserts that the actions of the creditor—refusing to produce authenticated documentation, engaging in potentially discriminatory conduct, and attempting to enforce a debt without proper verification— constitute a violation of 42 U.S.C. § 1981.

Doc#:11 Filed:11/12/25 Entered:11/12/25 15:09:28 Page13 of 21

**Wherefore, the debtor requests this Court:**
- **To investigate potential violations of Section 1981 related to the conduct of the creditor,**
- **To dismiss or disallow the claim based on violations of federal rights,**
- **To award any other relief deemed appropriate, including damages or sanctions if applicable.**

*Michelly Lee*

**Respectfully submitted this \_\_\_12\_ day of \_\_\_11_____, 2025.**

*11-10-25*

# Motion to Request Evidentiary Discovery and Hearing

**TO THE HONORABLE JUDGE OF THE COURT:**

**COMES NOW, Michelle Deon Lee, the Debtor, and respectfully requests this Court to order evidentiary discovery and schedule a hearing regarding the issues raised in this case, including the authenticity and admissibility of evidence related to the claims of [Creditor's Name].**

# 1. Basis for Discovery

**The Debtor asserts that significant issues remain regarding the validity, authenticity, and completeness of the evidence presented by the opposing party, including but not limited to:**
- **Unauthenticated or redacted documents**
- **Lack of proper documentation such as original contracts or loan agreements**
- **Material facts necessary to establish the validity or invalidity of the alleged debt**

**Due to these issues, the Debtor respectfully requests the Court to authorize discovery to compel the production of all relevant and supporting documents, including original loan agreements, account statements, affidavits, assignment records, and other evidence necessary for a fair resolution.**

# 2. Request for Evidentiary Hearing

**Given the material disputes regarding the authenticity and sufficiency of the evidence, the Debtor requests that the Court schedule a formal evidentiary hearing to:**
- **Examine the evidence presented**
- **Hear testimony or affidavits regarding the authenticity and validity of the documents**
- **Resolve factual disputes necessary to determine the enforceability or validity of the alleged debt**

**CERTIFICATE OF DELIVERY**

11-10-25

I, Michelle Lee , hereby certify that on this __12_ day of _____Nov ____, 2025 The U.S. Post office mail  delivered a true and correct copy of the document titled **MOTION TO CHALLENGE JURISDICTION, LACK OF STANDING, AND ADMISSIBILITY OF EVIDENCE ,MOTION TO DISALLOW CLAIMS AND SET DEADLINE FOR RESPONSE, Motion to challenge debt**

 to the following recipients by U.S. Postal mail :

- **Byron G. Rogers Federal Building**
  **1961 Stout St., Ste. 12-200**
  **Denver, CO 80294**
- **Tom H. Connolly**
  **Tom Connolly, LLC**
  **PO Box 68**
  **Lafayette, CO 80026-0068**
- **Robert Gregory Busch**
- **P.O. Box 3931**
- **Greenwood Village, CO 80111**
- **720-515-4618**
- **Fax : 303-872-9019**
- **Email: rob@rgbusch.com**
- **Ariel Bouskila**
- **Berkovitch & Bouskila**
- **1545 Route 202, Suite 101**
- **Pomona, NY 10970**
- **212-729-1477**

I certify that delivery was made in accordance with the applicable rules and regulations governing service of process.

Signed:_____

## 3. Legal Basis

The Court's authority to order discovery and hold evidentiary hearings is well established under Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, including:

- **Bankruptcy Rule 7030 and 7034:** For rules governing discovery and presentation of evidence in contested matters.
- **Federal Rule of Civil Procedure 26 and Rule 43:** For discovery procedures and evidentiary hearings.

## 4. Conclusion

For the reasons set forth, the Debtor respectfully requests this Court to:

- **Grant discovery to compel the production of all relevant, authentic, and supporting documentation;**
- **Schedule an evidentiary hearing at the Court's earliest convenience to resolve the disputed issues of fact and evidence; and**
- **Grant such other relief as the Court deems appropriate.**

**Respectfully submitted this _12_ day of _____11___, 20.25**

REC: $13.00
TD Pgs: 0 Josh Zygielbaum, Adams County, CO.

### UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO

| Debtor 1: | Michelle Deon Lee | Case # | 24-16918 |
|-----------|-------------------|--------|----------|
| Debtor 2: | | Chapter: | 13 |

## Order Avoiding Lien

Upon the Motion by Debtor to Avoid Judicial Lien and any responses thereto, and the Court being advised of the premises therein:

HEREBY ORDERS that the Debtor's Motion to Avoid Judicial Lien is GRANTED.

IT IS FURTHER ORDERED that the following lien impairs the Debtor's exemptions within the meaning of 11 USC 522(f), and is therefore forever avoided and extinguished and no longer enforceable against the property of the Debtor:

| Creditor | Amount of Claim | Date Recorded | Reception Number |
|----------|-----------------|---------------|------------------|
| Kalamata Capital Group | $311,686 | 5/13/2024 | 2024000025373 |

Kalamata Capital Group, its successors and assignees shall have no right or power to enforce the same against said property or any other property owned by the Debtor; and it is

FURTHER ORDERED that this Order may be recorded in the records of the Clerk and Recorder of any county in which the Debtor owns property, to evidence the same

Dated:   January 29, 2025

BY THE COURT:

*Kimberley H Th*

US Bankruptcy Court Judge

2025007599
Page: 1 of 1
D $0.00

01/30/2025 03:10 PM        R $13.00
City & County of Denver        ODR

01/30/2025 03:43 PM        RF: $13.00   DF: $0.00
Arapahoe County Clerk, CO
Page: 1 of 1
Joan Lopez, Clerk & Recorder        E5006914

ORDER VACATING ORDER AVOIDING LIEN
Case No.  24-16918 KHT

The Court Order incorporating that language was an error.  The Court therefore finds good cause for granting the Motion under Fed. R. Civ. P. 60(a).

## III.   CONCLUSION

For the reasons discussed above, the Court finds the Motion should be granted. The Court will vacate the Court Order and enter a new order avoiding Kalamata's lien as to the Homestead Property only.

Accordingly,

IT IS HEREBY ORDERED that the Motion is GRANTED.  The Court hereby VACATES its Order Avoiding Lien entered January 29, 2025 (docket #65), and recorded as follows:

| County | Date | Reception No. |
|---|---|---|
| Arapahoe | January 30, 2025 | E5006914 |
| Denver | January 30, 2025 | 2025007599 |
| Adams | January 31, 2025 | 2025000005400 |

The Order Avoiding Lien entered January 29, 2025 (docket #65) shall have no effect as to any property owned by the Debtor.  The Court will enter a separate order avoiding lien as to Debtor's Homestead Property.

Dated June 6, 2025                                    BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge

5

ORDER VACATING ORDER AVOIDING LIEN
Case No. 24-16918 KHT

> Kalamata Capital Group, its successors and assignees shall have no right or power to enforce the same against said property or any other property owned by the Debtor; and it is
>
> FURTHER ORDERED that this Order may be recorded in the records of the Clerk and Recorder of any county in which the Debtor owns property, to evidence the same

Court Order at 1.

Shortly thereafter, Debtor recorded the Court Order in Arapahoe, Denver, and Adams Counties, as follows:

| County | Date | Reception No. |
|---|---|---|
| Arapahoe | January 30, 2025 | E5006914 |
| Denver | January 30, 2025 | 2025007599 |
| Adams | January 31, 2025 | 2025000005400 |

On February 28, 2025, Debtor's bankruptcy case was converted to one under Chapter 7. Debtor's Chapter 7 Trustee alerted Kalamata's counsel of the language contained in the Court's Order. Afterwards, Kalamata filed its Motion, seeking an Amended Order Avoiding Lien that limits its relief to the Homestead Property, rather than to all property owned by the Debtor.

## II.   DISCUSSION

The Motion seeks relief under Fed. R. Civ. P. 60(a),[2] which provides as follows:

> (a)   Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Here, the Court finds relief appropriately granted under Rule 60(a). The Motion to Avoid Lien sought specific relief as to the Homestead Property only. The Motion to Avoid Lien did not seek relief as to any other property owned by Debtor.[3] The language of the Proposed Order, granting relief as to "any other property owned by the Debtor" exceeded the scope of the relief requested in the Motion to Avoid Lien and was therefore improper.

---

[2] Incorporated by Fed. R. Bankr. P. 9024.

[3] The Court notes Debtor would not have been entitled to relief under § 522(f) as to any other properties, as that section provides for lien avoidance only to the extent property impairs an exemption. Debtor did not claim an exemption in any of her investment properties on her Schedule C.

4

ORDER VACATING ORDER AVOIDING LIEN
Case No.  24-16918 KHT

  a.   Rushmore servicing (mortgage): $528,000

  b.   Bellco Credit Union (mortgage): $200,000

  c.   US Internal Revenue Service: $48,977

  d.   B&B Investments: $1,983

  e.   Mulligan Funding LLC: $284,692

  Total encumbrances equal $1,090,660.

7.   That, accordingly, said judicial lien impairs Debtor's exemption inasmuch as the sum of the consensual and judicial liens, as well as the exemption amount allowed per the relevant Colorado statutes set forth above, exceed the value that the Debtor's interest would have been but for the existence of the liens.

  WHEREFORE, Debtor respectfully asks this Court to issue an order against the aforementioned Kalamata Capital [Group], avoiding and canceling the judicial lien recorded against the above-mentioned property, [and] for other and further relief as this Court may deem to be just and proper.

Motion to Avoid Lien at 1-2. The Motion to Avoid Lien was accompanied by a proposed order (the "Proposed Order," docket #47-1).

Kalamata did not file a response to the Motion to Avoid Lien, and on January 24, 2025, Debtor filed with the Court a *Movant's Certificate of Non-Contested Matter and Request for Order* (docket #63). Shortly thereafter, on January 29, 2025, the Court entered the Proposed Order, making it an Order of the Court (the "Court Order," docket #65). As had been set forth in the Proposed Order, the Court Order provided as follows:

Upon the Motion by Debtor to Avoid Judicial Lien and any responses thereto, and the Court being advised of the premises therein:

  HEREBY ORDERS that the Debtor's Motion to Avoid Judicial Lien is GRANTED.

  IT IS FURTHER ORDERED that the following lien impairs the Debtor's exemptions within the meaning of 11 USC 522{f}, and is therefore forever avoided and extinguished and no longer enforceable against the property of the Debtor:

| Creditor | Amount of Claim | Date Recorded | Reception Number |
|---|---|---|---|
| Kalamata Capital Group | $311,686 | 5/13/2024 | 2024000025373 |

3

ORDER VACATING ORDER AVOIDING LIEN
Case No. 24-16918 KHT

| 15430 Fairway Drive, Commerce City, CO 80022 | Adams | Investment property |
|---|---|---|
| 16480 Fairway Drive, Commerce City, CO 80022 | Adams | Single-family home |

On her Schedule C, Debtor claimed a $250,000 homestead exemption in the property located at 16480 Fairway Drive, Commerce City, CO 80022 (the "Homestead Property"), pursuant to Colo. Rev. Stat. § 38-41-201.[1]

On January 8, 2025, Debtor filed a *Motion to Avoid Judicial Lien Pursuant to 11 USC 522(f)* (the "Motion to Avoid Lien," docket #47). The Motion to Avoid Lien represented as follows:

Debtor Michelle Deon Lee, by and through undersigned Counsel, hereby submits this motion to avoid the judgment lien of Kalamata Capital Group. In support thereof, Debtor states as follows:

1. Debtor filed a voluntary petition for relief under Chapter 13 of the bankruptcy code on the same date as this motion.

2. As listed in the Chapter 13 schedules, Debtor has an ownership interest in real property at located at 16480 Fairway Drive in Adams County Colorado ("Property"). This property is the Debtor's residence.

3. Pursuant to 28 USC 1334, this Court has jurisdiction over this motion which is filed pursuant to 11 USC 522(f) to avoid and cancel judicial liens held by the creditor Kalamata Capital Group ("Kalamata") on real property:

| Creditor | Amount of Claim | Date Recorded | Reception Number |
|---|---|---|---|
| Kalamata Capital Group | $311,686 | 5/13/2024 | 2024000025373 |

4. Pursuant to 11 USC 522(d)(1), CRS 13-54-107, CRS 38-41-201, and CRS 38-41-202, the Debtor has claimed such residential property as exempt, and has no equity in excess of the consensual liens and her homestead exemption.

5. Said claim held by Kalamata is a judicial lien within the purview of 11 USC 522(f)(1) and impairs Debtor's aforesaid exemption within the meaning of 11 USC 522(f).

6. The value of Debtor's interest in the property at the time of the filing is approximately $1,061,000 based upon Zillow.com estimate. The property is encumbered by the following other liens:

---

[1] Debtor claimed an exemption under other statutes as well, one or more of which may be inapplicable, a question the Court need not decide at this time.

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

In re:

MICHELLE DEON LEE,

Debtor.

Case No. 24-16918 KHT
Chapter 7

## ORDER VACATING ORDER AVOIDING LIEN

THIS MATTER came before the Court on *Creditor Kalamata Capital Group, LLC's Unopposed Motion for Amended Order Avoiding Lien* (the "Motion," docket #84), filed by Creditor Kalamata Capital Group, LLC ("Kalamata"), and the Objection thereto (docket #91), filed by the Debtor, Michelle Deon Lee ("Debtor"), *pro se*. The Court, having reviewed the pleadings and the file, having held a preliminary hearing on the matter, finding no genuine dispute of fact, and being fully advised in the premises, hereby finds and concludes as follows:

## I.   BACKGROUND

The following facts appear to be undisputed. Kalamata is a judgment creditor of the Debtor, pursuant to a judgment entered on March 27, 2024, in the Supreme Court of the state of New York, County of Ontario, in the amount of $311,686.00. Kalamata's judgment was domesticated in the Adams County, Colorado District Court on April 26, 2024. Kalamata recorded a transcript of judgment as follows:

| County | Date | Reception No. |
|---|---|---|
| Arapahoe | May 14, 2024 | E4029689 |
| Denver | May 13, 2024 | 2024043586 |
| Adams | May 13, 2024 | 2024000025373 |

Debtor filed a Chapter 13 bankruptcy petition on November 20, 2024. On her Schedule A/B: Property, Debtor listed an ownership interest in the following properties:

| Address | County | Property characterization |
|---|---|---|
| 5031 N. Quemoy Ct., Aurora, CO 80019 | Adams | Single-family home, Investment property |
| 4328 Andes Way, Denver, CO 80249 | Denver | Investment property |
| 25572 E. 5th Place, Aurora, CO 80018 | Arapahoe | Single-family home, Investment property |