**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

In re:

MICHELLE DEON LEE,

    Debtor.

Case No. 24-16918 KHT
Chapter 7

MICHELLE D. LEE,

    Plaintiff,

v.

KALAMATA CAPITAL GROUP, ROBERT BUSCH, and ARIEL BOUSKILA,

    Defendants.

Adversary No. 25-01238 KHT

**ORDER DISMISSING ADVERSARY PROCEEDING**

THIS MATTER comes before the Court on the Motion to Dismiss Adversary Proceeding (docket #6), filed by Defendant Robert Busch, an attorney who appeared on behalf of Kalamata Capital Group ("Creditor") in the underlying bankruptcy case, the Response thereto (docket #8), filed by Michelle D. Lee ("Ms. Lee"), and the Reply thereto (docket #9), filed by Mr. Busch. The Court has reviewed the pleadings and the file, including the docket in Ms. Lee's underlying bankruptcy case,[1] is fully advised in the premises, and hereby finds and concludes as follows:

Creditor has asserted it is a judgment creditor of Ms. Lee, and it domesticated its judgment in the Colorado counties in which Ms. Lee owns real property. For the reasons set forth in the Court's prior orders (the "Prior Orders," docket ##121, 122, 162, 213), the Court held Creditor is entitled to enforce its judicial lien as to all properties other than Ms. Lee's claimed homestead, 16480 Fairway Drive, Commerce City, CO 80022. Ms. Lee did not file any notices of appeal, and the Prior Orders became final.

Ms. Lee filed the above-captioned adversary proceeding against Creditor and two individual defendants, attorneys who have represented Creditor, seeking a determination Creditor's lien is invalid and Creditor is not entitled to assert a proof of claim in Ms. Lee's bankruptcy case. Before any defendant filed a responsive pleading, Ms. Lee filed an

---

[1] The Court takes judicial notice of the docket in Ms. Lee's underlying bankruptcy case, particularly the Court's orders regarding avoidance of Kalamata's lien and the Court's orders denying Ms. Lee's requests for relief.

ORDER DISMISSING ADVERSARY PROCEEDING
Adversary No. 25-01238 KHT

Amended Complaint (docket #4). Mr. Busch filed a motion to dismiss, asserting the Amended Complaint fails to state a claim against him, individually.

On a motion to dismiss, the Court must accept well-pleaded allegations of fact as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."). The Court must determine whether the Amended Complaint "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).

Applying the above standards, the Court finds the Amended Complaint does not contain any well-pleaded allegations of fact. It contains no allegations at all relating to the individual defendants. As to Creditor, the Amended Complaint contains only vague, conclusory statements Ms. Lee is entitled to relief, citing statutes such as 5 U.S.C. § 551(13), 28 U.S.C. § 2409, and 42 U.S.C. § 1983, which have no applicability here. On an objection to a proof of claim, the following standards apply:

> Federal Rule of Bankruptcy Procedure 3001(f) states that "a proof of claim executed and filed shall constitute prima facie evidence of the validity of the amount of the claim," thereby putting the initial burden on the objecting party. Fed. R. Bankr. P. 3001(f).
>
> > The objecting party carries the burden of going forward with evidence supporting his objection to the validity of the amount of the claim. *Matter of Townview Nursing Home*, 28 B.R. 431 (Bankr. S.D.N.Y. 1983); *In re Breezewood Acres, Inc.*, 28 B.R. 32 (Bankr. M.D. Pa. 1982). Such evidence must be of a probative force equal to that of the allegations of the creditor's proof of claim. 3 *Collier on Bankruptcy*, P 502.01[3] p. 502-17 (Rel.10-9/83Rel.10-9/83). If the objecting party succeeds in overcoming the prima facie effect of the proof of claim, the ultimate burden of persuasion then rests on the claimant. *Matter of Texlon*, 28 B.R. 525 (Bankr. S.D.N.Y. 1983).
>
> *In re Wells*, 51 B.R. 563, 566 (Bankr. D. Colo. 1985); *see also In re Ford*, 194 B.R. 583, 587-588 (S.D. Ohio 1995).

*In re Abboud*, 232 B.R. 793, 796 (Bankr. N.D. Okla.), *aff'd*, 237 B.R. 777 (10th Cir. BAP 1999). Ms. Lee does not provide a factual or legal basis for disallowance of Creditor's

2

ORDER DISMISSING ADVERSARY PROCEEDING
Adversary No. 25-01238 KHT

claim. Further, Ms. Lee does not provide a factual or legal basis for this Court to invalidate Creditor's judicial lien.

"While we of course liberally construe pro se pleadings, [a party's] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and [Bankruptcy] Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Here, the Court finds Ms. Lee has failed to state a claim against any of the defendants under Fed. R. Civ. P. 8(a), incorporated in adversary proceedings by Fed. R. Bankr. P. 7008, and the Amended Complaint must be dismissed in its entirety.

Often, dismissal of a complaint is followed by leave to amend under Fed. R. Civ. P. 15(a), incorporated in adversary proceedings by Fed. R. Bankr. P. 7015. But, as the Tenth Circuit Court of Appeals has held, "Our case law establishes a limitation to this principle: the [trial] court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Here, the Court finds it would be futile to allow Ms. Lee leave to amend. This Court and others have attempted to explain to Ms. Lee her rights and obligations under applicable law, but she has nevertheless continued her pursuit of baseless claims this Court has previously considered and rejected. "Where a complaint fails to state a claim, and no amendment could cure the defect, a dismissal *sua sponte* may be appropriate." *Id.* (citing *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001)). "If such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice." *Id.* Here, the Court finds the Amended Complaint appropriately dismissed with prejudice because no amendment could cure the defects previously explained to Ms. Lee. The dismissal with prejudice applies only to Ms. Lee's ability to bring claims, not to any other party who may have the ability to assert claims, such as the Trustee of Ms. Lee's Chapter 7 bankruptcy estate.

In the alternative, the Amended Complaint must be dismissed because Ms. Lee has not shown she has standing to pursue the relief requested. *See In re Pettine*, 655 B.R. 196, 209-10 (10th Cir. BAP 2023) (bankruptcy court jurisdiction is limited to those with Article III standing). Article III standing requires a plaintiff to show (1) an injury in fact, (2) traceable to defendant's conduct, (3) likely to be redressed by a favorable judicial decision. *Id.* at 213-14. Ms. Lee has made no such showing. Specifically, she has not shown her estate is likely to be solvent, such that a determination regarding Creditor's proof of claim would affect her. *See In re Morreale*, No. BR 13-27310 TBM, 2015 WL 3897796, at *10 (Bankr. D. Colo. June 22, 2015) (striking claim objection when debtor had not met his burden of proving a "reasonable possibility of a surplus" [after payment in full to creditors] in the liquidation case).

In addition to Article III standing, standing before the bankruptcy court requires that a party has prudential standing. Prudential standing consists of "a judicially-created set of principles that, like constitutional standing, places 'limits on the class of persons who may invoke the courts' decisional and remedial powers.'" Prudential standing requires that a party

3

asserts its own rights and interests and cannot rest its claim to relief on the rights and interests of third parties. This prudential standing requirement remains "especially important in bankruptcy proceedings which often involve numerous parties who may seek to assert the rights of third parties for their own benefit."

*In re Pettine*, 655 B.R. at 215-16 (footnotes omitted). Upon the voluntary filing of her bankruptcy case, Ms. Lee's real property became property of her Chapter 7 bankruptcy estate, subject to the Trustee's administration. Ms. Lee has no right to exercise control over property of her Chapter 7 estate. *See, e.g., In re Cook*, No. BAP NM-11-082, 2012 WL 1356490, at *8-9 (10th Cir. BAP Apr. 19, 2012), *aff'd*, 520 F. App'x 697 (10th Cir. 2013). Her Amended Complaint is an attempt to assert rights that do not belong to her, and it must be dismissed for lack of standing. To the extent the Amended Complaint is dismissed for lack of standing, the dismissal is without prejudice.

Finally, the Court has reviewed and considered the *Motion to Challenge Jurisdiction, Lack of Standing, Debt and Admissibility of Evidence, 42 U.S.C. § 1981 Violation* Ms. Lee filed after Mr. Busch's reply and finds it does not show Ms. Lee is entitled to any relief from this Court. The Court addressed issues of standing and jurisdiction at the time it entered its Prior Orders and will not repeat that discussion here. As to Ms. Lee's allegations of discrimination, it is well established that "[42 U.S.C.] § 1981 is inapplicable to alleged discrimination under color of federal law." *Davis-Warren Auctioneers, J.V. v. F.D.I.C.*, 215 F.3d 1159, 1161 (10th Cir. 2000). Ms. Lee's arguments are without merit.

Accordingly, it is HEREBY ORDERED that the Amended Complaint is DISMISSED WITH PREJUDICE.

Dated December 5, 2025

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge

4